# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30335
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2013

Lyle W. Cayce
Clerk

TINA RABALAIS KNOLL, Individually and as Natural Tutrix, on Behalf of Andree N. Knoll,

Plaintiff–
Counter Defendant–
Appellee,

versus

BANNER LIFE INSURANCE COMPANY,

Defendant–
Counter Claimant–
Counter Defendant–
Appellee,

versus

ADRIENNE THERIOT

Counter Defendant–
Counter Claimant–
Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1725

No. 13-30335

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

This case stems from an intra-family dispute over life insurance proceeds. Because the district court, after a bench trial, did not clearly err in finding that Triston Knoll did not intend to change the beneficiary, we affirm.

I.

Triston Knoll ("Knoll") died in 2011. About half a year before his death, he went through a divorce with Tina Knoll, who was a one-third beneficiary on his life insurance policy with Banner Life Insurance Company ("Banner") (his daughter had the remainder). Adrienne Theriot, Knoll's biological mother estranged from Knoll for many years, claims that Knoll made her the beneficiary, in lieu of his ex-wife, after the divorce. She claims that a payment stub Knoll made to Banner in 2010—with the notation "Please change policy to list Adrienne Theriot as beneficiary. Tina Knoll is to receive no benefits whatsoever."—was sufficient to effect a change in beneficiary. She also relies on the testimony of Jana Knowles of Banner that normally such a notation would be sufficient to effect the change.

The district court found, to the contrary, that the notation was not in the handwriting of Knoll but rather of his friend, Jerry Deason, who is also an attorney. It found that, notwithstanding Jana Knowles's testimony, the notation in any event was not sufficient for Banner, which never updated its records and which had sent Knoll follow-up communications requesting that he fill out an official change-in-beneficiary form. The district court found that although

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30335

Deason had a completed form in his possession, he did not mail it to Banner until after Knoll's death. Moreover, based on Deason's trial demeanor, the court found that Deason was likely perjuring himself and that it was he, not Knoll, who wanted to cut Tina Knoll out of the benefits.[1] In short, based on testimony and hard evidence, the district court found that Knoll had never demonstrated an intent to change beneficiary and that even if he had, such an intent was insufficient to comply with the requirements of his life insurance contract.

## II.

After a bench trial, we review legal issues *de novo* and findings of fact for clear error. *Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 364 (5th Cir. 2009); FED. R. CIV. P. 52(a)(6). Decisions to admit evidence are reviewed for an abuse of discretion. *United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006).

## III.

Theriot raises four issues on appeal. First, she argues that Theriot is the beneficiary per the four corners of the life insurance contract. That argument, however, depends on the court's agreeing with her contention that "[t]he payment coupon signed by Triston Knoll complies with the terms of [the life] insurance contract to effectuate a change in beneficiary." That is a question of fact, not of law. The court did not clearly err by finding that the coupon did not

---

[1] For example, Deason testified that Tina Knoll was "indifferent" to him, and he said that "she doesn't exist" and that she deserved none of the insurance proceeds. The court also was troubled that Deason "repeatedly disregarded the Court's instructions to stop speaking when an attorney was stating an objection and to answer only the question posed to him without providing extraneous testimony." The court also relied on testimony that Theriot mentioned to Deason and other family members that "Ya'll can't let Tina get that money." The court was "convinced beyond any doubt that Deason lied under oath and has a possible perjury issue."

comply with the requirements for a change of beneficiary, because it was in a different handwriting and because Banner did not seem to have accepted it as a valid change.

Second, Theriot claims that Knoll substantially complied with the requirements for a change in beneficiary. Again, that is not a legal argument, but a factual one. The district court did not clearly err by finding that Knoll did not intend at all to remove Tina Knoll as the beneficiary, and that it was rather Deason who wanted to effect the change.

Third, Theriot contends it was an abuse of discretion to admit Banner's Procedural Guide to determine whether Knoll had validly changed his beneficiary because it was beyond the "four corners" of the insurance contract. As Theriot admits, however, the contract required written notice to change beneficiary and defined written notice as "a notification or request received from the owner *in a form satisfactory to us*" (emphasis added). She claims that the testimony of Jana Knowles that the notation on the payment stub was satisfactory to Banner—which also happens to be extrinsic evidence outside the four corners of the document—requires a judgment in her favor. If the court could consider Jana Knowles's testimony, however, then surely it could also consider Banner's procedural guide—as well as the emails requesting completion of an official change of beneficiary form—as competing evidence of what was satisfactory to Banner.

Fourth and finally, Theriot maintains that the court abused its discretion in admitting the testimony of Edmond Knoll and Laura Knoll over her objection. She does not, however, give any arguments as to why that was error; she merely recites that their testimony was inaccurate. Absent any legal authority at least suggesting an error of law, we decline to find that the court abused its discretion.

The judgment is AFFIRMED.